UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YVONNE ABADIE, ET AL | CIVIL ACTION |
| VERSUS | NO. 08-4068 |
| UNITED STATES ARMY CORPS OF ENGINEERS, ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on the plaintiffs' motion for temporary restraining order. (Rec. Doc. 22). Under Fed. R. Civ. Pro. 65, a temporary restraining order or preliminary injunction is available only where the mover shows: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that the threatened injury outweighs any damage that the injunction may cause the opposing party; and (4) that the injunction will not disserve the public interest. Lake Charles Diesel, Inc. v. General Motors Corp, 328 F.3d 192 (5th Cir. 2003); Allied Marketing Group, Inc. v. DCL Marketing, Inc., 878 F.2d 806 (5th Cir. 1989). It is an extraordinary remedy available only if the movant has clearly carried the burden of persuasion as to all four factors. Allied, supra.

Here, at a minimum, the plaintiffs have not articulated an instance of injury

which can be deemed "irreparable." Rather, all of the threatened damages can be compensated in monetary damages. Rule 65 relief is inappropriate "if it appears that the applicant has an adequate alternate remedy in the form of money damages or other relief." C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2948.1, pp. 149-151 (1995).

Accordingly,

IT IS ORDERED that the plaintiffs' motion for temporary restraining order is DENIED. (Rec. Docs. 11, 20, 22).

New Orleans, Louisiana, this 24th day of November, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE