UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YVONNE ABADIE, ET AL | CIVIL ACTION |
| VERSUS | NO. 08-4068 |
| UNITED STATES ARMY CORPS OF ENGINEERS, ET AL | SECTION "C" (5) |

ORDER AND REASONS

IT IS ORDERED that the plaintiffs' motion to reconsider order denying temporary restraining order is DENIED. (Rec. Doc. 40). The Court denied the plaintiffs' motion for temporary restraining order on the basis that "at a minimum," a lack of irreparable harm had not been shown. The Court did not address the other requirements for a temporary restraining order. (Rec. Doc. 39). The plaintiffs argue that "in cases brought under the National Environmental Policy Act, 42 U.S.C. § 4321 ("NEPA"), the courts routinely employ injunctive remedies in cases of similarly alleged injuries ...," citing a single case, *Highland Co-op v. City of Lansing*, 492 F.Supp. 1372 (D.C. 1980), in support. (Rec. Doc. 40, p. 2). On the other hand, the defendant provides solid support for the proposition that a NEPA challenge does not demonstrate irreparable harm *per se*. *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542-545 (1987), *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982), *United States v. Marine Shale Processors*, 81

F.3d 1329, 1358 (5th Cir. 1996), and *Blanco v. Burton*, 2006 WL 2366046 (E.D.La.). (Rec. Doc. 43). The Court notes that it did not reach the issues raised by the remaining three requisites including, whether the plaintiff established a substantial likelihood of success on the merits and, most notably, whether the injunction would disserve the public interest in this post-Katrina era, especially when the availability of other remedies is considered.

New Orleans, Louisiana, this 26th day of January, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE